AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DAVID MARTINEZ<br><br>Defendant(s) | )<br>)  Case No. 13-8264-WM<br>)<br>)<br>)<br>) |

FILED by ___ D.C.
MAY 2 2 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 22, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 | Attempt to possess cocaine with the intent to distribute in an amount greater than 500 ~~milligrams~~ grams. KAT  WM |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

KIMBERLY A. TAYLOR, DEA SPECIAL AGENT
Printed name and title

Sworn to before me and signed in my presence.

Date: May 22, 2013

_____
Judge's signature

City and state: Highland Beach, FL

WILLIAM D. MATTHEWMAN, US MAG. JUDGE
Printed name and title

## **AFFIDAVIT**

I, Kimberly A. Taylor, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Fort Lauderdale, Florida District Office. I have been a Special Agent with DEA, assigned to the Miami Field Division, since March 2006. Prior to this time, your affiant received a B.A. in Criminal Justice/Law Enforcement and a M.S. in Criminal Justice Administration from Ferris State University. During my law enforcement experience I have participated in numerous narcotics investigations during which I have conducted physical and wire surveillance, executed search warrants, reviewed and analyzed taped conversations and records seized from drug traffickers. Through my training, education, and experience, which has included debriefing cooperating drug traffickers, monitoring wiretapped conversations of drug traffickers, investigating, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking, I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the efforts of persons involved in such activity to avoid detection by law enforcement, as well as methods used to finance drug transactions and thereafter launder drug proceeds.

2. Your affiant makes this affidavit based on information known to her personally, upon information obtained from other law enforcement officers, and information obtained from witnesses. This following information contained in this affidavit is stated for the limited purpose of establishing probable cause and does not contain all facts and information regarding the investigation described hereafter.

3. On May 20, 2013, a Palm Beach County confidential source ("CS"), spoke by telephone with a male, later identified as David MARTINEZ ("MARTINEZ") aka "El

Nino". During the conversation MARTINEZ told the CS that he wanted to purchase 8 kilograms of cocaine from an unnamed person in Broward County. MARTINEZ stated the unnamed seller in Broward County was selling the kilograms for $28,000.00 USD per kilogram. After speaking with law enforcement, the CS was directed to offer to supply MARTINEZ cocaine at the price of $27,000.00 USD per kilogram.

4. On May 21, 2013, the CS spoke with MARTINEZ again regarding the cocaine transaction. During the call MARTINEZ agreed to travel to Boca Raton with the money for four "cakes". The CS later spoke with MARTINEZ again to confirm the deal. During the second conversation the CS said that four (4) positions were available and was paying $27 an hour. MARTINEZ stated he would come to West Palm Beach and needed four (4) workers. Based upon other investigations previously conducted, law enforcement agents understand that drug dealers frequently speak in coded language. Based upon discussions with the CS, the law enforcement agents investigating this matter believe MARTINEZ confirmed he had $108,000.00 to purchase four kilograms of cocaine and was willing to drive to West Palm Beach, Florida to conduct the transaction to purchase drugs.

5. On the morning of May 22, 2013, the CS made a telephone call to MARTINEZ in the presence of law enforcement agents. During the telephone call, the CS directed MARTINEZ to go to the parking lot of Home Depot, located at 6800 Okeechobee Boulevard, West Palm Beach, FL. That same day, surveillance was established in the area of the proposed meeting location at the Home Depot parking lot.

6. At approximately 11:10am, the CS received a call from MARTINEZ, who stated he was passing Delray Beach. Within ten minutes, MARTINEZ called the CS

again to state he was passing Lake Worth, Southern Blvd exit. At 11:26am, a white Nissan Altima, bearing Florida tag 216TAT and registered to David MARTINEZ at 13812 SW 149 Circle Lane #4, Miami, Florida 33186, arrived in the parking lot and parked in the spot just north of the CS vehicle. MARTINEZ, the only occupant of the vehicle, exited the Altima carrying a black drawstring bag and entered the CS's vehicle by way of the passenger door. MARTINEZ remained in the CS's vehicle for approximately ten (10) minutes. While in the vehicle, the CS showed MARTNEZ four kilograms of cocaine in a black backpack. MARTINEZ told the CS that he had to go get the money and would return in 30-40 minutes. MARTINEZ also stated he would pay cash for two kilograms and provide one pound of "Mollies" in exchange for the other two kilograms. While MARTINEZ was inside the vehicle he removed two separate plastic bags from the black drawstring bag, one of which contained a white powdery substance MARTINEZ claimed to be Molly and a second bag of a rocky crystallized substance which MARTINEZ claimed to be Crystal meth. MARTINEZ exited the vehicle still holding the black drawstring bag, entered his vehicle and departed the area. MARTINEZ was followed by law enforcement agents conducting surveillance of the events. Based upon your affiant's experience, and after conferring with other law enforcement agents as well as with the CS, your affiant knows that "Mollies" and "Molly" refer to the controlled substance known as Ecstasy.

7. Upon leaving the CS, MARTINEZ was followed. MARTINEZ, together with the law enforcement agents conducting surveillance, entered the Florida Turnpike at Okeechobee Blvd. traveling south and stayed on the Turnpike until exiting at 152nd Street in Miami. Agents continued visual surveillance on MARTINEZ'S vehicle until arriving

at his residence, located at 13812 SW 149th Circle Lane, Miami, Florida. This home is listed in MARTINEZ's probation file as his sister's residence and the place he is living. The home is described as a white building, which has a red metal door, door handle on the left side opening outward, bearing a black numerical "4" on the upper left side of the door frame. Law enforcement agents observed MARTINEZ exit his vehicle and enter the residence empty handed only to return to his vehicle carrying a white United States Express Mail envelope. Agents followed MARTINEZ to an area on the east side parking lot of a Comfort Suites motel, located at 3901 SW 117th Avenue, Miami, FL. Within minutes, law enforcement agents observed a silver Volkswagen park next to MARTINEZ's vehicle. A tall black male wearing a black t-shirt, later identified as Ronald CASTELLANOS, exited the Volkswagen and engaged MARTINEZ in conversation for a period of approximately six (6) minutes. At approximately 1:52pm, both men departed the area in their respective vehicles. MARTINEZ and CASTELLANOS drove in tandem directly to the parking lot at the Home Depot on Okeechobee in West Palm Beach, by way of the Florida Turnpike. Once in the parking lot MARTINEZ drove to meet with the CS on the east side of the Home Depot parking lot, while CASTELLANOS parked in the Wendy's parking lot (the Wendy's is located within the Home Depot parking lot). MARTINEZ exited his vehicle carrying the white United States Postal Service Express Mail envelope, which was previously observed by agents when MARTINEZ carried the money out of his residence. Palm Beach Sheriff's Office Agent John J. Bango was able to hear the conversation inside the vehicle with the aid of an open cell phone line and could clearly hear MARTINEZ counting out stacks of money. Within minutes, the CS gave a prearranged verbal arrest signal and law

enforcement agents moved in to affect the arrest. After both men were secured, the vehicle MARTINEZ was driving was searched and the agents located the black draw string bag that had been previously observed during the first meeting with the CS. The bag was found on the passenger side floorboard and contained MARTINEZ's wallet and license as well as a brown packing envelope which was addressed to MARTINEZ. Inside this envelope, agents discovered several smaller plastic bags of white powder and one bag of a crystal like substance and a larger bag of an unknown white powder. There were also several other unused plastic bags inside the brown envelope.

7. Law enforcement asked MARTINEZ his name, to which he responded: David MARTINEZ. MARTINEZ stated he was just meeting his friend and that was not his car (referring the to the CS vehicle). When asked if he had a vehicle, MARTINEZ asked for an attorney. Law enforcement did not ask any other questions. MARTINEZ is currently on federal supervised release resulting from an 1993 arrest for drug trafficking cocaine. As noted above, MARTINEZ's sister has access to and control of the residence.

8. When seized, the agents observed that the money presented by MARTINEZ was broken into two parts: half was wrapped in cellophane and the other half was wrapped in rubber bands.

9. Based upon the observations of the agents, the following items were observed in MARTINEZ's possession: a black drawstring bag which contained two different kinds of white power which MARTINEZ claimed were Ecstasy and crystal methamphetamine, approximately $54,000 in currency, an express mail envelope and rubber bands. The money with the packaging including the express envelope was obtained from the described home. MARTINEZ, during the course of the investigation

indicated he intended to purchase 4 kilograms of cocaine from the CS to distribute to other individuals.

10. Based upon your affiant's experience investigating other drug trafficking offenses, as indicated above, the purchase of 4 kilograms of cocaine is not for the purpose of personal use. Instead, purchasing and possessing 4 kilograms of cocaine is for the purpose of distributing to others for money. Based upon your affiant's experience, drug dealers often have lists of people, also known to be ledgers, to whom they have sold drugs, they possess cash as a result of trafficking drugs, and keep additional drugs in their homes.

11. Based on the foregoing evidence, your affiant asserts probable cause exists to believe that DAVID MARTINEZ attempted to purchase and possess with intent the intent to distribute cocaine in an amount greater than 500 milligrams; in violation of Title 21, United States Code, Section 841(a)(1)and (b)(1) and that there is probable cause to believe that at the home described there is a basis to believe the following items will be found: United States Currency; controlled substances including but not limited to Ecstasy

and crystal methamphetamine; evidence of drug trafficking including zip lock baggies, scales, bag sealers, drug ledgers, rubber bands, and express mail envelopes.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*[signature]*
Special Agent Kimberly A. Taylor
Drug Enforcement Administration

Sworn and subscribed before me this 22nd day of May, 2013, in Highland Beach, Florida.

*[signature]*
WILLIAM D. MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: DAVID MARTINEZ

PRETRIAL DETENTION
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:

Last Known Address: _____

What Facility: Palm Beach County Jail

Agent(s): Kimberly A. Taylor, DEA
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: DAVID MARTINEZ

**Case No**:

Count #: 1

Attempted possession with the intent to distribute cocaine in an amount greater than 500 milligrams

Title 21, United States Code, Section 841(a) and (b)

\* **Max.Penalty**: not less than 5 years nor more than 40 years incarceration with the possibility of not less than 10 years and up to life incarceration as a result of a prior conviction, supervised release of up life, up to $10, 000, 000 fine if defendant has a prior conviction.